UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

NAKAVA, LLC, a Florida
Limited Liability Company,                               Case No.

    Plaintiff,

vs.

THE SOUTH PACIFIC ELIXIR COMPANY,
a Florida for Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff Nakava, LLC ("Nakava") hereby brings suit against The South Pacific Elixir Company ("SPEC"), and alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for trademark infringement, false advertising and unfair competition pursuant to the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1501, *et seq*. (the "Lanham Act") and for common law trademark violation. The claims arise out of SPEC's continued use of a mark, "Nakava," which SPEC expressly assigned to Nakava, and the Nakava trade name. Although Nakava permitted SPEC to continue using the "Nakava" mark under an implied license, Nakava recently terminated the license. Notwithstanding, SPEC has refused to cease its usage of the "Nakava" mark and the Nakava trade name.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(b) because this action arises under the Lanham Act. Although

this action also asserts a Florida state law claim for breach of common law trademark rights, this Court has supplemental jurisdiction over that claim pursuant to 28 U.S.C. §§ 1338 and 1367.

3. Nakava is a Florida limited liability company with its principal place of business located at 1723 Avenida de Sol, Boca Raton, Florida 33432.

4. SPEC is a Florida for profit corporation with its principal place of business at 140 NW 20th Street, Boca Raton, Florida 33431.

5. This Court has personal jurisdiction over SPEC because it is organized under the laws of the State of Florida, has infringed on Nakava's mark within this District through distribution, advertisement, marketing, offering for sale and/or selling products and/or services that infringe on the "Nakava" mark, and has caused Nakava injury within this District.

6. Venue is proper within this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because SPEC marketed, offered for sale, sold, and distributed infringing products and services within this District.

**GENERAL ALLEGATIONS**

7. Nakava is in the business of commercializing the use of the kava root, principally for beverages.

8. Nakava is the owner of the "Nakava" mark.

9. SPEC also is in the business of commercializing the use of the kava root, principally for beverages.

10. SPEC was formed as a Florida for profit corporation in 2000. SPEC began using the "Nakava" mark shortly after that.

11. The "Nakava" mark was registered as a trademark with the United States Patent and Trademark Office (the "USPTO"), Reg. No. 2,928,325, on February 22, 2005 (the "2005 Registration"). A copy of the 2005 Registration is annexed hereto as **Exhibit A**.

12. By an Assignment of Trademark dated May 25, 2005 (the "Assignment of Trademark"), SPEC assigned its entire interest in the "Nakava" mark, and the goodwill, to Nakava, including but not limited to the registered mark. The Assignment of Trademark was recorded with the United States Patent and Trademark Office on or about May 31, 2005. A copy of the Assignment of Trademark and evidence of the recording are annexed hereto as Composite **Exhibit B**.

13. The Assignment of Trademark recites that "for good consideration," SPEC "does hereby sell, transfer and convey all right, title and interest in said trademark and convey all right, title and interest in said trademark and good will attaching thereto," to Nakava.

14. Nakava devotes a significant amount of time, energy, and resources toward protecting the value of the "Nakava" brand, products, name, and reputation.

15. The "Nakava" mark is recognized by the consuming public and has become associated with Nakava's high quality products and services.

16. The "Nakava" mark accordingly has developed considerable value.

17. Nakava has used the "Nakava" mark consistently, continuously and without interruption since no later than May 25, 2005.

18. Since no later than May 25, 2005, Nakava has used the "Nakava" mark in virtually all aspects of its business.

19. Nakava never has abandoned use of the "Nakava" mark.

20. Even after the Assignment of Trademark, SPEC continued to use the "Nakava" mark in its advertising and sales with the knowledge and consent of Nakava.

21. Nakava permitted SPEC to use the "Nakava" mark even after assignment of the "Nakava" mark to Nakava, based upon an implied license. It also was acknowledged orally between Nakava and SPEC that SPEC was continuing to use the "Nakava" mark in its own business.

22. Although the 2005 Registration lapsed, Nakava never ceased using the "Nakava" mark.

23. Nakava subsequently re-registered the "Nakava" mark in 2016, Registration No. 5,076,783 (the "2016 Registration"). A copy of the 2016 Registration is annexed hereto as **Exhibit C.** Also in 2016, Nakava registered the Nakava logo, Registration 5,080,727. A copy of the 2016 Logo Registration is annexed hereto as **Exhibit D**.

24. By letter dated May 6, 2019, Nakava terminated the implied license for SPEC to use the "Nakava" mark (the "May 6 Letter"). A copy of the May 6 letter is annexed hereto as **Exhibit E**.

25. Nakava reiterated its demand that SPEC cease and desist its use of the "Nakava" mark by letter dated May 23, 2019 (the "May 23 Letter"), a copy of which is annexed hereto as **Exhibit F**.

26. By its correspondence dated June 5, 2019 (the "June 5 Response") Nakava refused to cease its use of the "Nakava" mark. The June 5 Letter concedes SPEC's continued use of the "Nakava" mark, but claims rights in the "Nakava" mark as a "prior user."

27. The June 5 Response also asserts that any of Nakava's rights to sue for infringement of the "Nakava" mark were waived in a 2019 Settlement Agreement between Nakava's principal and SPEC.

28. The June 5 Response is silent on the fact that the "Nakava" mark was the subject of the Assignment of Trademark.

29. By reply letter dated June 15, 2019 (the "June 15 Reply"), Nakava highlighted SPEC's assignment to Nakava of its entire right, title and interest in the "Nakava" mark pursuant to the Assignment of Trademark, stated that the implied oral license was terminable at will, and stated that the implied oral license in fact had been terminated through the May 6 Letter and the May 23 Letter.

30. The June 15 Reply also explained why the 2019 Settlement Agreement did not in fact release any claims for SPEC's infringement of Nakava's rights in the "Nakava" mark.

31. SPEC also has continued to use the "Nakava" mark since the 2019 Settlement Agreement.

32. SPEC has not provided a substantive response to the June 15 Reply and has not ceased its use of the "Nakava" mark.

33. SPEC currently continues to use the "Nakava" mark and logo within this District.

34. Among other things, SPEC continues to use the "Nakava" mark throughout its internet advertising and marketing. Additionally, the retail establishment operated by SPEC is called "Nakava" and displays the protected logo.

35. Because Nakava's products and services and SPEC's products and services both are based on kava root, and because both businesses are based in and operate within Boca Raton, Florida and service the surrounding community, there is a significant likelihood of confusion based upon SPEC's infringement of the "Nakava" mark.

36. SPEC is neither an authorized seller nor an authorized distributor of Nakava's products or services.

37. All conditions precedent to this action have occurred.

38. Plaintiff is obligated to pay undersigned counsel a reasonable fee.

## FIRST CLAIM FOR RELIEF

### (Violation of 15 U.S.C. § 1114(1)(a) and (b))

39. Nakava repleads and realleges the allegations stated in Paragraphs 1 through 38, above, and incorporates them by reference herein.

40. The 2016 Registration embodying the "Nakava" mark is in full force and effect and is entitled to protection under both federal law and common law.

41. In addition, Nakava is the owner of all rights to the common law mark "Nakava" pursuant to the Assignment of Trademark.

42. SPEC, without authorization from Nakava, is continuing to use in interstate commerce the "Nakava" mark that is identical to the "Nakava" mark owned by Nakava and embodied in the 2016 Registration and to which Nakava has common law rights pursuant to the Assignment of Trademark.

43. The foregoing acts of SPEC are intended to cause, have caused, and/or are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that SPEC's products and services are authorized by Nakava, or are licensed to SPEC by Nakava, or are Nakava's products and services.

44. SPEC has acted with knowledge of Nakava's ownership of the "Nakava" mark and the 2016 Registration, and with deliberate intent or reckless disregard to unfairly benefit from the goodwill inherent in the "Nakava" mark and 2016 registration.

45. Pursuant to 15 U.S.C. § 1114:

(1) "Any person who shall, without consent of the registrant –

   (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

   (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided.

46. By its actions, SPEC has used in commerce the "Nakava" mark which is owned by Nakava, and which also is registered to Nakava in the course of marketing, offering for sale and selling its own goods and services.

47. SPEC's actions include use of the Nakava mark on its website, in its advertisements, as the name of its retail establishment, among other things. SPEC also uses the protected Nakava logo.

48. SPEC's actions have caused confusion and are likely to cause confusion between SPEC's goods and services and Nakava's goods and services and to mislead and deceive the consuming public, including without limitation, Nakava's customers.

49. Because SPEC's license to use the "Nakava" mark was terminated by Nakava, SPEC's continuing use of the "Nakava" mark is an unauthorized use of that mark.

50. Upon information and belief, SPEC has made and will continue to make substantial

profits and gains through its improper use of the "Nakava" mark, to which it is not entitled, in law or equity.

51. Upon information and belief, SPEC intends to continue its infringing acts, unless restrained by this Court.

52. SPEC's acts have damaged and will continue to damage Nakava, and Nakava has no adequate remedy at law.

53. In light of the foregoing, Nakava is entitled to and demands injunctive relief prohibiting SPEC from using the "Nakava" mark or any marks identical and/or confusingly similar thereto for any purpose pursuant to 15 U.S.C. § 1116; to recover from SPEC all damages, including all gains, profits, and advantages obtained by SPEC as a result thereof, in an amount to be proven at trial; costs of this action pursuant to 15 U.S.C. § 1117(a); attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b); and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

**(Trademark Infringement Pursuant to 15 U.S.C. § 1125(a)(l))**

54. Nakava repleads and realleges the allegations stated in Paragraphs 1 through 38, above, and incorporates them by reference herein.

55. Pursuant to 15 U.SC. § 1125(a):

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

56. SPEC falsely advertises that its goods and services are the same as (or interchangeable with) Nakava's goods and services, by using the "Nakava" mark, including the protected logo, when in fact SPEC's goods and services are not interchangeable with or the same as Nakava's goods and services.

57. SPEC's use of the "Nakava" mark constitutes a false designation of origin and a false representation or representation that Nakava certifies the quality and authenticity of SPEC's goods and services, when, in fact, Nakava does not. Thus, this activity by SPEC is likely to deceive the public.

58. SPEC's use of the "Nakava" mark in connection with the unauthorized advertising, promotion, and sale of its goods and services misrepresents the nature, characteristics, qualities, and origin of SPEC's goods and services because it suggests that its products are owned by, are interchangeable with, or are the equivalent of, Nakava's goods and services, when, in fact, this is false.

59. SPEC's use of the "Nakava" marks in connection with the unauthorized advertising, promotion, and sale of its goods and services is likely to cause confusion, mistake, or deception.

60. SPEC's acts of unfair competition are willful, deliberate, and intended to reap the benefit of the goodwill and reputation associated with the "Nakava" mark.

61. SPEC's unauthorized and deceptive use of the "Nakava" mark is material and likely to influence customers to purchase the products and services that SPEC sells, as consumers are likely to believe that the products and services that SPEC advertises using the "Nakava" mark are Nakava's products and services when they are not.

MAURO LAW | 1900 GLADES ROAD, SUITE 270 | BOCA RATON, FLORIDA 33431 | 561.202.1992 | WWW.MAUROLAWFIRM.COM

62. Alternatively, SPEC's use of the Nakava mark in connection with the unauthorized advertising, promotion, and sale of its goods and services is likely to dilute the value of the "Nakava" mark.

63. The "Nakava" mark is so associated with Nakava's goods and services that the use of the same or similar marks by SPEC constitutes a false representation that its goods or services came from the same source as Nakava's goods and services, which is false.

64. SPEC's unauthorized use of the "Nakava" mark in advertising and promotion infringes on the "Nakava" mark.

65. Upon information and belief, SPEC has made and will continue to make substantial profits and gains to which it is not entitled to in law or equity.

66. Upon information and belief, SPEC intends to continue its infringing acts, unless restrained by this Court.

67. SPEC's acts have damaged and will continue to damage Nakava, and Nakava has no adequate remedy at law.

68. In light of the foregoing, Nakava is entitled to and demands injunctive relief prohibiting SPEC from engaging in the advertisement, offer for sale, or sale of the any products or services bearing the "Nakava" mark pursuant to 15 U.S.C. § 1116; to recover from SPEC all damages, including all gains, profits, and advantages obtained by SPEC as a result thereof, in an amount to be proven at trial; costs of this action pursuant to 15 U.S.C. § 1117(a); and enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a), since SPEC willfully, intentionally, maliciously, and in bad faith infringed on Nakava's mark.

### THIRD CLAIM FOR RELIEF

(Unfair Competition Pursuant to 15 U.S.C. § 1125(a)(l))

69. Nakava repleads and realleges the allegations stated in Paragraphs 1 through 38,

above, and incorporates them by reference herein.

70. SPEC's unauthorized use of the "Nakava" mark in commerce constitutes a false designation of origin and a false representation or representation that Nakava certifies the quality and authenticity of SPEC's products and services when, in fact, Nakava does not. Thus, this activity by SPEC is likely to deceive the public.

71. By engaging in the authorized use of the "Nakava" mark to market and sell its products and services, SPEC deprives Nakava of the ability to maintain the prestige and reputation of the "Nakava" mark.

72. SPEC is using the "Nakava" mark, including the protected logo, with full knowledge that it is associated with Nakava and Nakava's products and services, in the same geographic location as SPEC's products and services.

73. SPEC's unfair competition is willful, deliberate, and intended to reap the benefit of the goodwill and reputation associated with the "Nakava" mark.

74. SPEC's unfair competition through its unauthorized marketing and sale of products and services bearing the "Nakava" mark violates Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

75. Upon information and belief, SPEC has made, and will continue to make, substantial profits and gains to which it is not entitled in law or equity.

76. Upon information and belief, SPEC intends to continue its infringing acts, unless restrained by this Court.

77. SPEC's acts have damaged and will continue to damage Nakava, and Nakava has no adequate remedy at law.

78. In light of the foregoing, Nakava is entitled to, and demands, injunctive relief

prohibiting SPEC from engaging in the advertisement, offer for sale, or sale of the SPEC's products and services bearing the "Nakava" trade name and/or mark pursuant to 15 U.S.C. § 1116; to recover from SPEC all damages, including all gains, profits, and advantages obtained by SPEC as a result thereof, in an amount to be proven at trial; costs of this action pursuant to 15 U.S.C. § 1117(a); and enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a), since SPEC willfully, intentionally, maliciously, and in bad faith infringed on the Nakava trade name and mark.

## FOURTH CLAIM FOR RELIEF

### (Violation of Common Law Trademark Rights)

79. Nakava repleads and realleges the allegations stated in Paragraphs 1 through 38, above, and incorporates them by reference herein.

80. Regardless of the 2016 Registration, Nakava has rights in the "Nakava" mark by reason of the Assignment of Trademark and Nakava's long-standing, consistent and uninterrupted use of the "Nakava" mark in commerce since 2005.

81. Pursuant to the Assignment of Trademark, Nakava also stands in the shoes of the assignor, SPEC, such that its prior use of the "Nakava" mark is coextensive with the first use of that mark.

82. Because SPEC's use of the "Nakava" mark was by implied license from Nakava, SPEC's rights in the "Nakava" mark are derivative of Nakava's rights in that mark.

83. Nakava adopted and used the "Nakava" mark in throughout the United States as a means of establishing good will and reputation and to describe, identify or denominate its kava root products and services in particular and as a means to distinguish its goods and services from similar goods and services rendered or offered by others.

84. The "Nakava" mark, through its association with Nakava's kava root goods and

services, has acquired a special significance as the name of Nakava's goods and services in its trade area because:

  a. "Nakava" is identical to Nakava's own business name;

  b. The mark "Nakava" has, by actual usage acquired in Nakava's trade area, acquired a secondary, special or trade meaning as indicating, describing, identifying or denominating Nakava as the source of kava root-related goods and services;

  c. SPEC has commenced unauthorized use of an identical tradename and mark to indicate or identify similar services rendered and similar goods marketed by it in competition with Nakava in the same trade area in which Nakava already has established its tradename and the Nakava mark; and

  d. as a consequence of SPEC's actions, customer confusion of source or as to the sponsorship of Nakava's goods and services is probable or inevitable.

85. Nakava terminated SPEC's license to use the "Nakava" mark.

86. Notwithstanding Nakava's termination of SPEC's rights to use the "Nakava" mark, SPEC continues to use the "Nakava" mark, including he protected logo, in commerce.

87. SPEC's use of the "Nakava" mark in connection with the unauthorized advertising, promotion, and sale of its goods and services misrepresents the nature, characteristics, qualities, and origin of SPEC's goods and services because it suggests that its products are owned by, are interchangeable with, or are the equivalent of, Nakava's goods and services, when, in fact, this is false.

88. SPEC's use of the "Nakava" mark in connection with the unauthorized advertising, promotion, and sale of its goods and services is likely to cause confusion, mistake, or deception.

89. Alternatively, SPEC's use of the Nakava mark in connection with the unauthorized advertising, promotion, and sale of its goods and services is likely to dilute the value of the "Nakava" mark.

90. SPEC's acts of unfair competition are willful, deliberate, and intended to reap the benefit of the goodwill and reputation associated with the "Nakava" mark.

91. SPEC's unauthorized and deceptive use of the "Nakava" mark is material and likely to influence customers to purchase the products and services that SPEC sells, as consumers are likely to believe that the products and services that SPEC advertises using the "Nakava" mark are Nakava's products and services when they are not.

92. The "Nakava" mark is so associated with Nakava's goods and services that the use of the same or similar marks by SPEC constitutes a false representation that its goods or services came from the same source as Nakava's goods and services, which is false.

93. SPEC's unauthorized use of the "Nakava" mark in advertising and promotion infringes on the "Nakava" mark.

94. Upon information and belief, SPEC has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

95. Upon information and belief, SPEC intends to continue its infringing acts, unless restrained by this Court.

96. SPEC's acts have damaged and will continue to damage Nakava, and Nakava has no adequate remedy at law.

97. In light of the foregoing, Nakava is entitled to and demands injunctive relief prohibiting SPEC from engaging in the advertisement, offer for sale, or sale of the any products or services bearing the "Nakava" mark; an accounting of all of SPEC's profits from

its use of the "Nakava" mark since its license was terminated; and recovery from SPEC all damages, including SPEC's gains, profits, and advantages as a result thereof of its infringement, in an amount to be proven at trial.

Dated August 9, 2019.

                              Respectfully submitted,

                              **MAURO LAW P.A.**

                              */s/ C. Cory Mauro*
                              C. Cory Mauro
                              Florida Bar No. 384739
                              1900 Glades Road, Suite 270
                              Boca Raton, FL  33431
                              cory@maurolawfirm.com
                              service@maurolawfirm.com
                              Tel. 561-202-199