UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81128-CIV-SINGHAL/MATTHEWMAN

NAKAVA, LLC, a Florida
Limited Liability Company,

    Plaintiff,

v.

THE SOUTH PACIFIC ELIXIR COMPANY,
a Florida for Profit Corporation,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF's MOTION FOR ATTORNEYS' FEES [DE 129]

**THIS CAUSE** is before the Court upon Plaintiff, Nakava, LLC's ("Plaintiff") Motion for Attorneys' Fees ("Motion") [DE 129]. The Honorable Raag Singhal, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge. *See* DE 130. Defendant, The South Pacific Elixir Company ("Defendant"), has filed a response [DE 134], and Plaintiff has filed a reply [DE 135]. Further, with Court permission, Plaintiff has filed a Reply as to Defendant's Untimely Arguments against Entitlement to Attorneys' Fees [DE 143]. The Court held a hearing on the Motion on November 14, 2022, via Zoom VTC. Thus, the matter is now ripe for review. For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Plaintiff's Motion [DE 129].

## BACKGROUND

Plaintiff's Complaint, filed on August 9, 2019, alleged violation of 15 U.S.C. § 1114(1)(a) and (b), trademark infringement pursuant to 15 U.S.C. § 1125(a)(l), unfair competition pursuant to 15 U.S.C. § 1125(a)(l)), and violation of common law trademark rights. [DE 1].

On December 27, 2019, Defendant filed an answer, affirmative defenses, and counterclaim. [DE 28]. It asserted four affirmative defenses, as well as counterclaims alleging violation of common law trademark rights, unfair competition—false designation of origin, and declaratory judgment. *Id.*

On August 10, 2020, Judge Singhal denied the parties' cross-motions for summary judgment [DE 65]. On January 10, 2022, the parties filed a Pretrial Stipulation [DE 104] in which they voluntarily limited the issues at trial to abandonment, likelihood of confusion, and damages (in light of the rulings in the summary judgment order).

Judge Singhal conducted a 2-day bench trial on January 26 and 27, 2022. On July 21, 2022, he entered his Findings of Fact and Conclusions of Law [DE 120]. Judge Singhal noted that "[w]hile the Pretrial Stipulation suggested that affirmative defenses other than abandonment could have been presented at trial, the Court finds that none were presented." *Id.* at 2. He next explained that, "[o]n summary judgment, the Defendant argued the Mark had been fraudulently obtained, but no such argument or evidence was presented at trial. On the contrary, the Defendant conceded validity of the Mark." *Id.* at 3. Judge Singhal noted that, at trial, Plaintiff "presented extensive evidence of sales of products bearing the Mark," while Defendant presented no evidence to controvert Plaintiff's sales evidence, and Defendant's corporate representative "testified that he did not have 'any knowledge of anything Nakava LLC has done other than what's in the public domain and on the Internet.'" *Id.* at 4.

After summarizing all of the evidence introduced at trial, Judge Singhal found that Plaintiff had proved its claims, and Defendant had failed to prove its affirmative defense of abandonment. *Id.* at 8–24. Judge Singhal explicitly determined that all seven factors weighed in favor of

likelihood of confusion. *Id.* at 12. He concluded that "Defendant knew that the Mark was owned by Nakava LLC, knew that it was using the same Mark, knew that its implied license to use the Mark had been expressly terminated, and yet nonetheless continued to use the Mark." *Id.* at 17. According to Judge Singhal, Defendant also "(i) filed a countersuit which it ultimately abandoned, (ii) filed an action in the USPTO to cancel the Mark, and (iii) filed a state court action against Nakava LLC. (DE [113], at 48:9–50:9). Defendant maintained in all of the foregoing matters that Nakava LLC did not use the Mark, and Defendant's representative admitted at trial that Defendant 'sold Nakava-branded products at The Nakava Bar.'" *Id.* Judge Singhal emphasized that "Defendant offered no evidence that confusion does not exist" and that "Defendant's counterclaim in this case and allegations in separate litigation affirmatively allege confusion." *Id.* at 19. He pointed out that Defendant's "abandonment defense has changed significantly throughout this case." *Id.* at 20. Judge Singhal determined that Defendant's evidence of intent fell "far short" of "strict proof." *Id.* at 23.

With regard to damages, Judge Singhal found that "Nakava LLC is entitled to Defendant's profits because the Defendant's conduct was willful and deliberate." *Id.* at 25. Judge Singhal noted that

> Defendant offered <u>no</u> evidence of deductions and did not otherwise dispute Nakava LLC's evidence of Defendant's profits. (DE [113], at 56–59). Remarkably, the Defendant disavowed any knowledge concerning the profits SPEC paid out to its owners, even though Mr. Gimelstein had signed the interrogatory answers for SPEC. (DE [113], at 59:7-10) (Q. "Okay. So you don't know anything about this exhibit whatsoever? You just signed under penalties of perjury that it was accurate? A. Yes.").

*Id.* at 27.

Judge Singhal ultimately awarded Plaintiff $271,250 in damages and permanently enjoined Defendant from using the Mark. [DE 120 at 28]. He also reserved jurisdiction to determine

3

attorneys' fees and costs. *Id.* He then entered a Final Judgment [DE 122]. On September 23, 2022, Judge Singhal entered an Order denying Defendant's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) and Rule 60(b). [DE 131]. Defendant has filed a Notice of Appeal [DE 137].

## MOTION, RESPONSE, AND REPLIES

### I.  Plaintiff's Motion [DE 129]

Plaintiff acknowledges that entitlement to attorneys' fees is within the Court's discretion and that the Lanham Act only permits a prevailing party is entitled to recover its attorneys' fees in "exceptional cases." 15 U.S.C. § 117(a). Case law has then defined the term "exceptional cases." [DE 129 at 2]. Plaintiff argues that the "most cursory review of the court file and the evidence adduced at trial reveals that SPEC's case was unusually weak. SPEC filed a counterclaim, filled with spurious allegations of fraud and misconduct, which it abandoned at trial. SPEC similarly alleged elaborate affirmative defenses, but brought only one up at trial." *Id.* at 3.

Plaintiff contends that, at trial, Defendant "presented no competent evidence whatsoever that Nakava abandoned use of the Mark. SPEC's sole witness lacked first-hand knowledge of almost any of the issues in the case, and even claimed ignorance concerning discovery answers that he verified himself, under oath." *Id.* Additionally, Plaintiff points out that Defendant "did not prevail on a single one of the seven factors for likelihood of confusion." *Id.* After describing the evidence presented at trial, Plaintiff explains that Defendant's "case consisted of innuendo and half-baked legal theories." *Id.* at 3–4. On the other hand, Plaintiff contends that it "presented voluminous evidence of its sales, all of which was made available to SPEC in discovery, and which should have alerted SPEC to the fact that its abandonment defense could not stand." *Id.* at 4. Plaintiff asserts that the "deliberateness of SPEC's conduct, by itself, justifies an award of fees

4

under the Lanham Act." *Id.* Plaintiff claims that Defendant's "weak litigation positions coupled with its deliberate, continuous infringement, even after receiving cease and desist letters and the Court's summary judgment decision resolving a variety of pivotal issues, renders this case 'exceptional' under the Lanham Act." *Id.* at 4, 6.

With regard to amount, Plaintiff is seeking $235,450.00 for 435.5 hours billed. *Id.* at 8. Plaintiff also explains that it has complied with Local Rule 7.3, having served on Defendant a compliant motion on August 9, 2022. *Id.* at 9. However, Defendant did not make a timely objection. *Id.* Plaintiff argues that Defendant's failure to comply with Local Rule 7.3(b) results in a total waiver of objections. *Id.*

## II. **Defendant's Response in Opposition [DE 134]**

Defendant rejects each of Plaintiff's arguments as to why this case is "exceptional." [DE 134 at 4]. First, Defendant argues that its decision to narrow the issues does not render the case "exceptional" and that it was simply trying to narrow the issues before the Court (and, notably, that failure to narrow the issues may have made the case "exceptional" pursuant to the relevant case law). *Id.* at 4–6. Second, Defendant contends that it did, in fact, produce competent evidence at trial on the issue of abandonment in that it demonstrated circumstantial evidence of Plaintiff's intent to abandon the mark, as well as Plaintiff's nonuse of the mark for three consecutive years. *Id.* at 6–10. Defendant maintains that "[a]lthough this Court ultimately ruled in favor of Plaintiff, SPEC's litigating position and manner of litigation was not so weak as to render the case 'exceptional' to justify an award of attorneys' fees." *Id.* at 10. Third, Defendant contends that it did not willfully infringe upon Plaintiff's Trademark. Defendant argues that its "behavior prior to and during the litigation is not indicative of deliberate and willful infringement. Rather, it is indicative of SPEC's good faith and honest belief that Nakava, LLC had abandoned the Nakava

mark, and that SPEC had acquired common law trademark rights to the name . . . ." *Id.* at 11. According to Defendant, it "at all time[s] participated in the litigation in good faith, put forward its best defense at trial, and zealously litigated its position." *Id.*

With regard to the Local Rule 7.3(b) issue, Defendant explains that it meaningfully met and conferred with Plaintiff regarding the Motion via phone call. *Id.* at 11–12. During that call, Defendant informed Plaintiff's counsel that Defendant objected to entitlement to attorneys' fees and would be filing a response accordingly. *Id.* at 12. Defendant argues that, since it relies upon most of the same authority cited in Plaintiff's Motion, no prejudice has resulted to Plaintiff by not sending a written statement of supporting legal authority. *Id.* According to Defendant, the writing requirement of Local Rule 7.3(b) is only as to specific time entries and nontaxable costs, which Defendant's counsel informed Plaintiff's counsel would not be challenged. *Id.*

### III. <u>Plaintiffs' Reply [DE 135]</u>

According to Plaintiff, Defendant made no effort whatsoever to comply with Local Rule 7.3(b) in that it failed to state written objections to Plaintiff's fee claim prior to the deadline, and Plaintiff's counsel did not make a phone call to Defendant's counsel until one week after the deadline had already run. [DE 135 at 1]. Plaintiff contends that Defendant's failure to timely object amounts to a waiver of objections to both reasonableness of and entitlement to the claimed fees and should result in the Motion being granted. *Id.* at 2.

### IV. <u>Plaintiff's Reply as to Defendant's Untimely Arguments Against Entitlement to Attorneys' Fees [DE 143][1]</u>

Plaintiff first contends that Defendant did not actually narrow the issues for trial. [DE 143 at 2]. Instead, Defendant expressly preserved its defenses in the Pretrial Stipulation and then did

---

[1] The Court gave Plaintiff the opportunity to further brief the substantive entitlement matter without making any finding as to the waiver argument. [DE 139].

not present any such defenses at trial. *Id.* Thus, "the trial of this matter did not benefit from SPEC's purported narrowing of issues because the only one who knew about any purported narrowing was SPEC." *Id.* at 3. Second, Plaintiff argues that Defendant's "recharacterization of its trial presentation finds no support in this Court's ruling but instead contradicts it." *Id.* at 4. Third, Plaintiff asserts that Defendant is trying to argue matters that the Court has already decided. *Id.* at 5. Specifically, the Court "thoroughly analyzed SPEC's intent to capitalize on the Mark, and unequivocally concluded that SPEC's infringement was willful and intentional." *Id.*

## DISCUSSION

### I.    Attorneys' Fees Entitlement[2]

There is no doubt that Plaintiff is the prevailing party in this case as the Court entered judgment in Plaintiff's favor after conducting a bench trial and making findings of fact and conclusions of law. The Lanham Act permits an award of reasonable attorneys' fees to the prevailing party in "exceptional" cases. 15 U.S.C. § 1117(a). The Supreme Court, in the case of *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014), established the framework for determining what constitutes an "exceptional" case. In *Octane Fitness*, the Supreme Court determined that "an exceptional case" is one that "stands out from the others" either based on (1) the "substantive strength of a party's litigating position (considering both the governing law and the facts of the case)" or (2) the "unreasonable manner in which the case was litigated." *Id.* at 554. Whether a case is "exceptional" should be determined on a case-by-case basis, considering the "totality of the circumstance" and using a nonexclusive list of factors, including

---

[2] The Court sees no need to rule on the issue of whether Defendant waived its objections with regard entitlement by failing to object to Plaintiff's Motion within 14 days, as required by Local Rule 7.3(b). This is because the Court would still have an independent duty to determine Plaintiff's entitlement to fees under the Lanham Act and the interpretive case law. In fact, Plaintiff's counsel conceded this point at the hearing. Moreover, because the Court is finding entitlement, the waiver issue is moot.

"'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). The Supreme Court also lowered the evidentiary standard for proving an "exceptional" case from clear and convincing evidence to a preponderance of evidence. *See Id.* at 557. The Eleventh Circuit has explicitly held that the exceptional case standard as articulated by the Supreme Court in *Octane Fitness* applies to cases brought under the Lanham Act. *Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018).

"There is no precise rule or formula for determining whether a Lanham Act case is 'exceptional' based on its lack of substantive strength." *FCOA, LLC v. Foremost Title & Escrow Servs., LLC*, No. 17-23971-CIV-WILLIAMS/TORRES, 2019 WL 7790856, at *3 (S.D. Fla. Oct. 17, 2019) (quoting *Octane Fitness*, 572 U.S. at 554). Courts in this district have awarded fees when a claim was found to be objectively baseless. *See Fla. Int'l Univ. Bd. of Trs. v. Fla. Nat'l Univ.*, No. 13-21604-CIV-WILLIAMS/SIMONTON, 2017 WL 3610583, at *4 (S.D. Fla. Aug. 11, 2017) (listing cases using the objectively baseless standard), *report and recommendation adopted*, No. 13-21604-CIV-WILLIAMS/SIMONTON, 2018 WL 4409885 (S.D. Fla. June 25, 2018). Additionally, courts have noted a defendant's lack of cooperation during litigation in conjunction with willful infringement, in awarding attorney's fees in Lanham Act cases. *Tiramisu Int'l LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1295 (S.D. Fla. 2010).

Upon considering the entire docket in this case, the parties' arguments, and the relevant law, the Court finds that this is an exceptional case and that Plaintiff is entitled to attorneys' fees under the Lanham Act. It is clear to the Court that Defendant acted unreasonably during litigation in that it pursued this case to trial, changed or dropped many of its arguments at trial, filed a

8

counterclaim which it ultimately abandoned, filed an action in the USPTO to cancel the Mark, and filed a state court action against Plaintiff. Defendant also acted deliberately in that Judge Singhal's Order discusses Defendant's intent to derive benefit from the Mark and found that Defendant's conduct was willful and deliberate. Furthermore, Defendant preserved its affirmative defenses in the Pretrial Stipulation and then abandoned them at trial. Defendant also did not dismiss its Counterclaim prior to trial. Thus, Defendant did not actually narrow the issues to conserve counsel's and the Court's resources as Plaintiff and the Court still had to fully prepare for trial on all issues.

It is also clear based on Judge Singhal's Order and the evidence presented at trial that Plaintiff's litigation position was much stronger than Defendant's and that Defendant maintained litigation positions that were not supported by evidence at trial. While Plaintiff presented extensive evidence of sales, Defendant failed to present any evidence to controvert Plaintiff's sale evidence. Defendant called one witness at trial—a corporate representative who had no knowledge other than what existed in the public domain. This fact stands out and is troubling. With regard to each legal element and sub-element of trademark infringement, Judge Singhal found in Plaintiff's favor. Defendant solely presented an abandonment defense, which the Court found was not supported by strict proof. Then Defendant offered no evidence of deductions and did not otherwise dispute Plaintiff's evidence of Defendant's profits.

Despite Defendant's attempt to reargue points previously argued at trial, the Court has already addressed the issues of Defendant's failure to present competent evidence and deliberateness. Plaintiff has established that this is an "exceptional case" and that it is entitled to attorneys' fees under the Lanham Act. The Undersigned **RECOMMENDS** that the District Judge find Plaintiff entitled to attorneys' fees.

## II. Reasonable Attorneys' Fees Amount

A reasonable attorneys' fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted). However, the Court may also use its own experience in assessing the reasonableness of attorneys' fees. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman*, 836 F.2d at 1299)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. With regard to

the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated that

> [t]he "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id*. (citations omitted).

168 F.3d at 427.

In submitting a request for attorneys' fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See id.* (quoting *Norman*, 836 F.2d at 1301). The burden rests on the movant to submit a comprehensive request for fees so the court can determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So, trial courts may take into account their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

In this case, Defendant's counsel represented at the hearing that Defendant is not objecting to the reasonableness of the attorneys' fees sought. Furthermore, Defendant failed to timely object to the attorneys' fees award pursuant to Local Rule 7.3(b). However, the Court will still fulfill its

independent duty to determine reasonableness. Plaintiff is seeking a total attorneys' fees award of $235,450.00. [DE 129 at 8]. According to the Motion, Cory Mauro, Esq., billed 423 hours at a rate of $550 per hour; Evan Appell, Esq., billed 3.5 hours at a rate of $350 per hour; and Ashlie Stoken-Baring billed 9 hours at a rate of $175 per hour. *Id.* The attorneys' qualifications are listed in the Motion. *Id.* at 8–9. Having considered the information contained in the various filings, including the Affidavit of Reasonable Attorney's Fees [DE 129-3], and the *Johnson* factors, and based upon the Undersigned's own knowledge and experience, the Undersigned concludes that Plaintiff's counsel's hourly rates are reasonable and appropriate.

Additionally, having reviewed the invoices attached to the Motion [DE 129-2], the Undersigned concludes that the hours billed are reasonable. This is a case that was filed on August 9, 2019. Both parties filed motions for summary judgment, which were ultimately denied. [DE 65]. The Covid-19 pandemic then required the trial to be re-scheduled on multiple occasions, thereby compounding Plaintiff's counsel's trial preparation. *See* DEs 82, 87, 88, 96, 98, 100, 106. The bench trial ultimately commenced on January 26, 2022. [DE 109]. Given the length and scope of this case, having reviewed the time entries, and noting that Defendant does not object to the reasonableness of the time billed, the Undersigned concludes that the hours billed by Plaintiff's counsel are reasonable. Therefore, the Undersigned **RECOMMENDS** that Plaintiff be awarded a total of $235,450.00 in attorneys' fees.

## CONCLUSION

In light of the foregoing, the Undersigned **RECOMMENDS** that the District Judge enter an Order **GRANTING** Plaintiff's Motion [DE 129]. Specifically, the Undersigned **RECOMMENDS** that the District Judge find Plaintiff is entitled to prevailing party attorney's

fees under the Lanham Act, award Plaintiff attorneys' fees in the amount of $235,450.00, and enter a judgment against Defendant for such amount, applying the appropriate statutory interest.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Raag Singhal. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach County, Florida, this 5th day of December 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge